# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY L. LUPER,

    *Plaintiff,*

vs.

    Case No. 15-1399-EFM-TJJ

BOARD OF TRUSTEES OF THE POLICE
& FIRE RETIREMENT SYSTEM OF
WICHITA KANSAS, ET AL.,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Luper brings suit against Defendant Board of Trustees of the Police and Fire Retirement System of Wichita ("the Board") and thirteen individuals who are either current or former Trustees of the Board. He brings a claim under 42 U.S.C. § 1983 alleging that Defendants have violated his right to due process by failing to timely determine whether he is eligible for disability retirement benefits. Defendants seek dismissal of the suit for a variety of reasons. The Court finds that the majority of Defendants' reasons for dismissal fail, but the Court does grant the dismissal of the individual Defendants for the reasons stated in further detail below. Thus, the Court denies in part and grants in part Defendants' Motion to Dismiss (Doc. 16).

### I.   Factual and Procedural Background[1]

Plaintiff Jeffrey Luper became a commissioned firefighter on August 8, 1996. He worked for the Wichita Fire Department ("WFD") as a Firefighter, Firefighter/Investigator, and Lieutenant. While working for the WFD, he responded to over 3,000 calls and witnessed many traumatic incidents. Some of these incidents include saving a drowning child, performing CPR on a lifeless child, and discovering that a person who had been placed in a body bag was still alive. Plaintiff remains affected by these incidents.

In January 2010, Plaintiff learned about the death of a colleague whom Plaintiff considered a mentor and a friend. Plaintiff was asked to attend and document the autopsy of the individual, and that event set forth a chain of events in Plaintiff's life. Weeks after the death of Plaintiff's friend, Plaintiff was hospitalized and diagnosed with major depressive disorder and anxiety. Plaintiff returned to work shortly after his hospitalization, but he then struggled with alcohol abuse and suicidal thoughts and attended inpatient detoxification and psychiatric treatment.

Plaintiff sought assistance through the City of Wichita's Employee Assistance Program ("EAP"). The EAP referred Plaintiff to Dr. Ralph Bharati, a Wichita psychiatrist. Following several months of treatment and various attempts to return to work with varying restrictions and conditions, Dr. Bharati issued a written opinion in August 2011, concluding that Plaintiff was disabled from post-traumatic stress disorder ("PTSD"). Fire Chief Ronald Blackwell confirmed that Plaintiff was not suited for any position within the WFD.

---

[1] The facts are primarily taken from Plaintiff's Complaint (Doc. 1). The Court takes judicial notice of Wichita Charter Ordinance 215 as well as the proceedings of Plaintiff's state law case.

Plaintiff was a participant in the Police and Fire Retirement System of Wichita, Kansas, which was established and maintained to provide pension benefits to police officers and firefighters in Wichita, Kansas. It is codified at Wichita Charter Ordinance 215. The pension is funded through various collective bargaining agreements, payroll deductions, and employer contributions. Through the pension plan, Plaintiff was eligible for service-connected disability benefits. Plaintiff applied for disability benefits in August 2011, stating that he was disabled with PTSD due, in part, from his duties as a firefighter. The Board of Trustees of the Police and Fire Retirement System of Wichita ("the Board") refused to approve his claim allegedly because of Plaintiff's alcoholism and the perceived risk of more PTSD-related claims if Plaintiff's claim was approved. On November 16, 2011, the Board denied his claim for service-connected disability benefits.

Plaintiff sought judicial review of the Board's denial. The Sedgwick County District Court affirmed the Board's determination at a hearing on April 26, 2012, which was journalized on June 1, 2012. Plaintiff then appealed to the Kansas Court of Appeals. On May 24, 2013, the Kansas Court of Appeals found that the Board acted arbitrarily and capriciously by rejecting the opinion of Dr. Bharati that Plaintiff had PTSD and that Plaintiff's traumatic work experiences were causally related to his PTSD. Thus, the Court of Appeals reversed and remanded the case to the district court to remand Plaintiff's application to the Board.

In March 2014, Plaintiff sought contempt sanctions in Sedgwick County District Court against the Board based on its unreasonable refusal to reconsider Plaintiff's claim. In responding to Plaintiff's motion, the Board asserted that the Sedgwick County District Court did not have jurisdiction over Plaintiff's motion or Plaintiff's benefit claim because the Board had not yet

issued a "final order" on Plaintiff's claim. The Sedgwick County District Court overruled Plaintiff's motion for contempt sanctions.

The Board sought additional medical records and an in-person evaluation from another psychiatrist. Plaintiff provided the Board with the additional medical records and participated in an August 2014 independent medical exam. The Board provided Plaintiff with no explanation for its continued failure to reach a decision on his claim.

On December 23, 2015, Plaintiff filed this lawsuit in this Court. As of that date, approximately two and one-half years after Plaintiff's case had been remanded to the Board, the Board still had not rendered a decision on his application for service-connected disability benefits. Plaintiff alleges a violation of his constitutional rights under 42 U.S.C. § 1983. He asserts that he has paid into the pension system and thus has a protected property interest. Because he has a protected property interest, he asserts that he has a corresponding entitlement to due process of law. Plaintiff claims that Defendant Board and the individual Defendants have violated his due process rights by engaging in unreasonable delay and by failing to decide whether he is entitled to service-connected disability benefits.[2] Defendants have now filed a Motion to Dismiss.

## II.     Legal Standard

Defendants move for dismissal under Federal Rules of Civil Procedure 12(b)(1),(2),(4),(5), and (6). Under Rule 12(b)(1), a court may dismiss a complaint based on

---

[2] The Court notes that as of the date of this Order, the Board had made a decision on Plaintiff's claim for disability benefits and that decision is currently on appeal. On July 11, 2016, Defendants submitted to the Court a copy of a petition that Plaintiff had recently filed in Sedgwick County District Court on July 1, 2016. This petition states that Plaintiff appeals the Board's June 2, 2016 denial of service-connected disability claim because the Board's decision was (1) arbitrary and capricious, (2) not supported by substantial evidence, (3) arbitrarily disregards uncontroverted causation evidence in the record, and (4) relies on the same erroneous interpretation that was rejected by the Kansas Court of Appeals in the prior appeal.

lack of jurisdiction over the subject matter of the complaint. Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction.[3] Plaintiffs bear the burden of alleging sufficient facts to overcome this presumption.[4]

A Rule 12(b)(2) motion challenges the Court's personal jurisdiction. A plaintiff opposing a motion to dismiss based on lack of personal jurisdiction bears the burden of showing that jurisdiction over the defendant is appropriate.[5] In a pretrial motion to dismiss, when the matter is decided on the basis of affidavits and written materials, the plaintiff is only required to make a prima facie showing that personal jurisdiction is proper to avoid dismissal.[6] Once the plaintiff makes a prima facie showing, the defendant must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.' "[7]

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[8] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[9] A claim is facially plausible if the plaintiff pleads facts sufficient for the

---

[3] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[4] *Id*.

[5] *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1227 (D. Kan. 2000) (citing *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).

[6] *Id*.

[7] *Id*. at 1227 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court to reasonably infer that the defendant is liable for the alleged misconduct.[10] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[11] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[12] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[13] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[14] Finally, in evaluating a Rule 12(b)(6) motion to dismiss, a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.[15] A court, however, can take judicial notice of certain documents.[16] "[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."[17]

---

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[12] *Iqbal*, 556 U.S. at 678-79.

[13] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[14] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[15] *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008)

[16] *Tal v. Hogan*, 453 F. 3d 1244, 1265 n. 24 (10th Cir. 2006).

[17] *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005).

In this case, Defendants attached several documents to their Motion to Dismiss that were central to Plaintiff's Complaint. These include the written documentation of the proceedings that occurred before the Sedgwick County District Court and Kansas Court of Appeals. In addition, Defendants attached a copy of Charter Ordinance 215. Because these documents were central to Plaintiff's Complaint, and he did not dispute their authenticity, the Court considered these documents in deciding Defendants' Motion to Dismiss.

### III. Discussion

Defendants assert numerous reasons for dismissal. These include: (1) this Court does not have, or should abstain from asserting, subject matter jurisdiction over Plaintiff's claim, (2) Plaintiff's claim is barred by the doctrine of claim preclusion, (3) Plaintiff did not properly serve two individual Defendants and thus the Court does not have personal jurisdiction over those individuals, (4) Plaintiff fails to allege sufficient facts to establish personal liability of the individually named Defendants, (5) Plaintiff only brings official capacity claims against the individual Defendants and thus the individual Defendants should be dismissed, (6) the individual Defendants are entitled to absolute, quasi-judicial immunity, (7) Plaintiff's complaint fails to allege a "pattern, practice or procedure" and thus cannot establish a constitutional violation against the Board, and (8) the Board is not subject to suit under § 1983. The Court will address each in turn.

#### A. Abstention and Subject Matter Jurisdiction

Defendants first argue that the Court should abstain from exercising subject matter jurisdiction under *Younger v. Harris*.[18] "*Younger* abstention dictates that federal courts not

---

[18] 401 U.S. 37 (1971).

interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could be adequately sought before the state court."[19]

In this case, it does not appear that *Younger* abstention is warranted. First, as Plaintiff points out, Plaintiff does not seek equitable relief or a declaratory judgment regarding the constitutionality of a state law, and therefore the proceedings in this case do not affect Plaintiff's state law case.[20] Instead, Plaintiff seeks monetary damages for excessive and unreasonable delay with regard to the Board deciding his disability claim. Thus, because it does not appear that Plaintiff seeks any relief that would impact Plaintiff's related administrative or state law proceeding, *Younger* abstention would not be applicable.

Even if abstention is warranted, abstention under *Younger* is only appropriate when these three requirements are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[21]

Here, it does not appear that all three are met. The Court will only address the third requirement. Although Defendants assert that Plaintiff presents state issues in this case, that simply is not the case. Defendants contend that Plaintiff asks this Court to interpret a city

---

[19] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[20] Defendants did not file a reply to Plaintiff's response brief and thus fail to explain how this federal action interferes with the Board's actions or the state proceeding.

[21] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation marks and citation omitted).

ordinance and to review the Board's decision to deny Plaintiff benefits. In the case before this Court, however, Plaintiff brings a constitutional claim under § 1983 for excessive and unreasonable delay in deciding whether he is entitled to benefits which would thus implicate his due process rights. Plaintiff does not seek a review of the Board's denial of benefits nor does he seek this Court's interpretation of any state matters. Thus, the instant lawsuit does not implicate important state interests in the state proceeding. Accordingly, all three *Younger* abstention requirements are not met.

### B. Claim Preclusion

Defendants next assert that Plaintiff's § 1983 claim is barred by claim preclusion. The doctrine of res judicata, or claim preclusion, bars a party "from relitigating issues that were or could have been raised in [the previous] action."[22] Defendants argue that Plaintiff could have brought his due process claims in Sedgwick County District Court when Plaintiff appealed the Board's first determination that Plaintiff was not entitled to service-connected disability benefits. Yet, Plaintiff's claim arose when the case was remanded back to the Board, and the Board allegedly sat on making a decision for over two and one-half years after it was remanded to them. The delay in making that decision is the basis for Plaintiff's claim now. Thus, Plaintiff's claim had not arisen when he appealed the Board's denial of benefits in 2012. Accordingly, Defendants' argument regarding claim preclusion is inapplicable.

### C. Service and Personal Jurisdiction

Defendants Henning and Salcido state that no service has been made on them, and thus the Court should dismiss for insufficient service of process and lack of personal jurisdiction over

---

[22] *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) (quotation marks and citations omitted).

them. Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." K.S.A. § 60-203(c) provides that "[t]he filing of an entry of appearance has the same effect as service." In this case, counsel filed an entry of appearance on February 3, 2016, on behalf of *all* Defendants. Accordingly, counsel's entry of appearance constitutes service, and Defendants' argument for dismissal on this basis is denied.

### D. Failure to state a Claim Against Individual Defendants

In Defendants' fourth reason for dismissal, they contend that Plaintiff fails to allege sufficient facts to establish personal liability of the individual Defendants. "To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation."[23] Defendants complain that there are no specific factual allegations in the Complaint regarding the individual Defendants' role in the delay of making a decision on Plaintiff's request for service-connected disability benefits. Yet, the allegations are that the individual Defendants failed to act and make a decision on his application for service-connected benefits. Although the Court agrees that the allegations are somewhat conclusory, Plaintiff is making a claim that the individual Defendants failed to do something. Plaintiff alleges that the individual Defendants did not perform any acts to move his case along. At the motion to dismiss stage, Plaintiff's allegations are sufficient to state a claim against the individual Defendants.

### E. Official versus Individual Capacity Claims

---

[23] *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citations omitted).

Defendants next contend that Plaintiff's Complaint does not state whether the individual Defendants are named in their individual or official capacities or both. Defendants then conclude that Plaintiff sues them in their official capacity and thus argues that the claims should be dismissed. In response, Plaintiff states that the individual Defendants have only been sued in their individual capacities. Accordingly, the individual Defendants have not been sued in their official capacities, and Defendants' argument for dismissal on this basis is denied.

### F. Absolute, Quasi-Judicial Immunity

Next, Defendants contend that the individual Defendants are entitled to absolute, quasi-judicial immunity. In *Butz v. Economou*,[24] the United States Supreme Court found that some agency officials who perform quasi-judicial functions are entitled to absolute immunity.[25] There are several factors to consider when evaluating whether absolute immunity is available and these include: "(a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct."[26]

In this case, the individual Defendants' official functions are similar to the judicial process. The Board has implemented a proscribed hearing procedure in which the claimant is entitled to a hearing and can be represented by counsel. After the hearing, the Board issues a written decision as to whether or not the claimant is entitled to benefits, it notifies the claimant of the right to appeal, and the decision is subject to review by the state district court pursuant to

---

[24] 438 U.S. 478 (1978).

[25] *Id.* at 515.

[26] *Horwitz v. State Bd. of Med. Exam'rs of Colo.*, 822 F.2d 1508, 1513 (10th Cir. 1987).

K.S.A. § 60-2101(d).[27] Functionally, the individuals on the Board are acting as judges regarding the claimant's disability application. As the Kansas Supreme Court noted in *Neeley v. Board of Trustees*, *Policemen's and Firemen's Retirement System, City of Wichita*,[28] the Board, as an administrative body, is acting in a quasi-judicial manner.[29]

As to the second element, the Board's action in denying a disability claim is likely to result in a damages lawsuit by the disappointed party. As evidenced in the underlying case here, the claimant is disappointed with the results of the decision to deny disability benefits and thus seeks to bring suit against the individual board members who participated in the adverse decision.[30] It seems likely that disappointed parties may seek damages in lawsuits against the individual members. Thus, the second element is met.

Finally, as noted above, sufficient safeguards exist in the regulatory framework to deter unconstitutional conduct because of the claimant's ability to appeal the decision to the state district courts. Accordingly, all three factors appear to be met.[31] Thus, Defendants' request to dismiss the individual Defendants on the basis of absolute, quasi-judicial immunity is granted.

---

[27] K.S.A. § 60-2101(d) provides that "[a] judgment rendered or final order made by a political or taxing subdivision, or any agency thereof, exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such subdivision or agency within 30 days of its entry, and then causing true copies of all pertinent proceedings before such subdivision or agency to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require."

[28] 205 Kan. 780, 473 P.2d 72 (1970).

[29] *Id.* at 784, 473 P.2d at 75.

[30] The Court notes, however, that Plaintiff is not taking issue with the decision in this case but rather the length of time in making the decision.

[31] The Court notes that Plaintiff does not take issue with the concept of absolute, quasi-judicial immunity, but rather he asserts that it does not apply in this case because the individual Defendants did not perform an act. He

### G. Pattern, Practice, or Procedure Allegations

Defendants next complain that Plaintiff's Complaint fails to allege a pattern, practice or procedure of the Board which violated Plaintiff's constitutional rights. Generally, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[32] "To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[33] "If the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from deliberate indifference to the rights of the plaintiff."[34] Generally, one incident of unconstitutional activity is insufficient to impose liability on a municipality.[35] However, even if there is only one incident, it may be enough to impose liability if there was an official custom or policy behind the one incident.[36]

Defendants acknowledge that the gravamen of the Complaint is delay. But Defendants complain that Plaintiff does not identify nor plead any Board actions that are directly attributable

---

claims that he is not challenging any "act" but instead challenging the failure to take action. The Court finds that this is a distinction without a difference. The individuals' "failure to act" is the act.

[32] *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

[33] *Jenkins*, 81 F.3d at 993.

[34] *Id.* at 994 (quotation marks and citation omitted).

[35] *Id.* (citation omitted).

[36] *See Butler v. City of Norman*, 992 F.2d 1053, 1055-56 (10th Cir. 1993) (citing *Monell*, 436 U.S. 658 and *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-34 (1985)); *see also Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1998) (finding that a single decision of the city to not issue a building permit constituted an official government policy).

to the delay and that his ignorance of the status of his case is self-imposed.[37]  In addition, Defendants assert that Plaintiff does not allege any facts to establish a policy, pattern or practice of delaying disability applications based on claims of PTSD.  In response, Plaintiff contends that the continuing refusal to act on the disability application is the alleged policy.

Although the Complaint is lacking in some specificity, Plaintiff has alleged enough allegations to state a claim that the delay is plausibly related to a policy of delay.  At the motion to dismiss stage of the proceedings, the Court must take the facts as true in the Complaint and view them in the light most favorable to the Plaintiff.[38]  Thus, Defendants' reason for dismissal on this basis is denied.

### H.  Board Subject to Suit under § 1983

Finally, Defendants argue that the Board is entitled to dismissal because it is a subunit of the City of Wichita and not an entity which is itself subject to suit.  Defendants' argument is unconvincing.  In a previous case, the District of Kansas found that the City of Wichita and the City of Wichita Police and Fire Pension Board were separate entities.[39]  Furthermore, in a case before the Kansas Supreme Court, *Neeley v. Board of Trustees, Policemen's and Firemen's*

---

[37] Defendants take issue with Plaintiff asserting that he did not make inquiries into the progress of his case or attend Board meetings or monitor the progress of the case.  Plaintiff's actions (or his alleged failure to make inquiries into his case to prompt the Board to make a decision) are irrelevant to the Board's alleged delay.

[38] Defendants rely primarily on a case from the District of Columbia, *Winstead v. District of Columbia*, 840 F. Supp. 2d 149 (D.D.C. 2012), asserting that the facts here are similar to the ones in that case.  The Court simply notes that the case is distinguishable in that the decision from the District of Columbia occurred after a bench trial and all of the evidence in the case had been brought forward to demonstrate that there was no custom or policy of delay.

[39] *See Woods v. City of Wichita*, 2008 WL 269081, at *1 (D. Kan. Jan. 30, 2008) (finding that because the Board was not a party to the lawsuit, and only the City of Wichita was a party, that the Court did not have jurisdiction over the Board to require it to produce business records);  *see also Medina v. Bd of Trustees of the Police & Fire Retirement System of Wichita, Kansas*, No. 08-CV-0987, pp. 25 (District Court of Sedgwick County) (finding that there was no privity between the Board and the City of Wichita to bind the Board to the City's stipulation).

*Retirement System*,[40] the named defendant was the named Defendant in this case.[41]  Thus, it appears that Defendant Board is an appropriate party and subject to suit.

In sum, the Court finds that the majority of Defendants' reasons for dismissal are invalid. However, the Court does find that the individual Defendants are entitled to absolute, quasi-judicial immunity.  Thus, the Court grants Defendants' request to dismiss the individual Defendants.  The Board, however, is not subject to dismissal at this time.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS SO ORDERED**.

Dated this 27th day of September, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[40] 205 Kan. 780, 473 P.2d 72 (1970).

[41] The Court also notes that Defendant Board has never asserted it is not a proper party to the underlying dispute in Sedgwick County District Court or to the Kansas Court of Appeals.