## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY L. LUPER,                          )
                                           )
                        Plaintiff,         )
                                           )        Case No. 15-1399-EFM-KGG
v                                          )
                                           )
BOARD OF TRUSTEES OF THE POLICE )
& FIRE RETIREMENT SYSTEM OF                )
WICHITA, KANSAS,                           )
                                           )
                        Defendants,        )
_____ )

## ORDER ON MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Plaintiff seeking

documents withheld by Defendant Board of Trustees on the basis of the attorney-

client privilege. (Doc. 42.) Having reviewed the submissions of the parties,

Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff alleges that he has a "legitimate claim of entitlement to service

connected disability benefits" from the Police & Fire Retirement System of

Wichita, Kansas ("Retirement System"). (*See* Doc. 1, at 8.) Plaintiff claims that

Defendant Board of Trustees ("Defendant" or "the Board") violated Plaintiff's

Constitutional Right to due process rights as a result of an on-going, unreasonable

delay in determining whether the is entitled to disability benefits under the Retirement System.  (*Id.*, at 9.)

The present motion relates to Plaintiff's Request for Production No. 1 and Interrogatories Nos. 5, 6, and 7.  Request No. 1 sought "[a]ll documents identified in response to interrogatories."  Interrogatory No. 5 asked Defendant to "[i]dentify all written communications between any attorney and the Board that address [Plaintiff's] claim for service-connected disability benefits, as well as any documents that reflect such communications."  Interrogatory No. 6 sought the dates of, senders, recipients and individuals who received every written communication identified in response to Interrogatory No. 5.  Finally, Interrogatory No. 7 asked Defendant to "[i]dentify all minutes, notes, and recording of every executive or nonpublic session of the Board in which [Plaintiff's] claim for service-connected disability benefits was addressed with an attorney."

In response to these discovery requests, Defendant provided certain documents but, according to Plaintiff, "held back hundreds of emails and documents generated during [Defendant's] consideration of [Plaintiff's' claim" for benefits.  (Doc. 43, at 2.)  Defendant withheld the documents on the basis of the attorney-client privilege and/or work product doctrine.  Plaintiff contends that the

fiduciary exception to the privilege "prevents [Defendant[ from asserting pre-decisional legal advice and related documents from beneficiaries" such as Plaintiff.[1]  (*Id*., at 3.)

**DISCUSSION**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.  Plaintiff's motion focuses on Defendant's claim of the attorney-client privilege for the documents in question.

The application of the attorney-client privilege in this District was recently summarized by Magistrate Judge O'Hara in the case of ***In re Syngenta Ag Mir 162 Corn Litigation***:

> Fed. R. Civ. P. 26(b)(1) limits discovery to 'nonprivileged matters.' Because this litigation arises out of a federal statutory scheme, federal law governs the application of the attorney-client privilege.  Under federal common law, the essential elements of the attorney-client privilege are: (1) where legal advice of

---

[1]  The Court notes that Plaintiff does not seek all items contained in Defendant's privilege log, only those that have been highlighted.  (*See generally* Doc. 43-3.)

> any kind is sought (2) from a professional legal advisor
> in his capacity as such, (3) the communications relating
> to that purpose, (4) made in confidence (5) by the client,
> (6) are at his instance permanently protected (7) from
> disclosure by himself or by the legal advisor, (8) except if
> the protection is waived.  Although this description
> suggests that the privilege only operates to protect the
> client's communications to a lawyer, the Tenth Circuit
> recognizes that a lawyer's communication to a client is
> also protected if it is 'related to the rendition of legal
> services and advice.'  The party asserting the privilege
> bears the burden of establishing that the elements are
> met.

No. 14-2591-JWL, 2017 WL 386835, at *4 (D. Kan. Jan. 27, 2017) (internal

citations omitted).

The party withholding documents subject to the privilege must submit a

privilege log, which is required to include:

> (1) A description of the document explaining whether the
> document is a memorandum, letter, e-mail, etc.; (2) The
> date upon which the document was prepared; (3) The
> date of the document (if different from # 2); (4) The
> identity of the person(s) who prepared the document; (5)
> The identity of the person(s) for whom the document was
> prepared, as well as the identities of those to whom the
> document and copies of the document were directed,
> including an evidentiary showing based on competent
> evidence supporting any assertion that the document was
> created under the supervision of an attorney; (6) The
> purpose of preparing the document, including an
> evidentiary showing, based on competent evidence,
> 'supporting any assertion that the document was prepared
> in the course of adversarial litigation or in anticipation of
> a threat of adversarial litigation that was real and

4

imminent;' a similar evidentiary showing that the subject
of communications within the document relates to
seeking or giving legal advice; and a showing, again
based on competent evidence, 'that the documents do not
contain or incorporate non-privileged underlying facts;'
(7) The number of pages of the document; (8) The party's
basis for withholding discovery of the document (i.e., the
specific privilege or protection being asserted); and (9)
Any other pertinent information necessary to establish
the elements of each asserted privilege.

*Leftwich v. City of Pittsburg, Kansas*, No. 16-2112-JWL-GLR, 2017 WL

1338838, at \*2 (D. Kan. April 12, 2017) (citing *BridgeBuilder Tax + Legal Servs.,*

*P.A. v. Torus Specialty Ins. Co.*, No. 16-2236-JWL-GEB, 2017 WL 914809, at \*4

(D. Kan. Mar. 8, 2017) (citations omitted)).  "The objecting party must provide

enough information in the privilege log to enable the withholding party, and the

Court, to assess each element of the asserted privilege and determine its

applicability." *Leftwich*, 2017 WL 1338838, at \*2.

        As stated above, Plaintiff complains that Defendant

                objected to identifying, describing, and producing
                hundreds of written communications generated by, sent,
                or received by [Defendant's] attorneys during
                [Defendant's] consideration of [Plaintiff's] claim.
                [Defendant] objected to producing notes of nonpublic
                sessions as well.  [Defendant] claims the documents and
                information are protected as privileged or work product.
                [Plaintiff] disputes [Defendant's] objections to Request
                for Production No. 1, and Interrogatory Nos. 5, 6, and 7.

(Doc. 43, at 2.)  Plaintiff has highlighted items enumerated in Defendant's

privilege log which Plaintiff contends " were generated while [Plaintiff's] claim resided with the Board, i.e., when the claim was not on appeal to the Sedgwick County District Court or to the Kansas Court of Appeals." (*Id*.) According to Plaintiff, "[u]nder prevailing law, such 'pre-decisional' legal advice is discoverable." (*Id*.)

Plaintiff's motion is devoid of specific argument that the information at issue fails to qualify as attorney-client communication or work product materials. (*See generally, id.*) Rather, Plaintiff argues that the fiduciary exception to the attorney-client privilege makes the information discoverable. (*Id*., at 3.) Plaintiff has the " burden to show the fiduciary exception applies to the privileged or work-product-protected documents." ***Hermann v. Rain Link, Inc.***, No. 11-1123-RDR-KGS, 2012 WL 1207232, at *9 (D. Kan. April 11, 2012) (citations omitted). The Court is thus tasked with determining whether Plaintiff has met that burden.

Plaintiff cites the case of ***Lewis v. UNUM Corp. Severance Plan*** for the proposition that the "fiduciary exception derives from the principle that when an attorney advises a plan fiduciary about the administration of an employee benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries." 203 F.R.D. 615, 619 (D. Kan. 2015) (citations omitted). "Because denying benefits to a beneficiary is as much a part of the administration of a plan

6

as conferring benefits to a beneficiary, the prospect of post-decisional litigation against the plan is an insufficient basis for gainsaying the fiduciary exception to the attorney-client privilege." *Id*., at 620.

Plaintiff contends that he is "entitled to all the highlighted items on [Defendant's] privilege log" because the documents "were generated as part of ordinary plan administration." (Doc. 43, at 4.) Defendant has admitted that it "has a fiduciary obligation to administer [the Retirement System] for the exclusive benefit of the System's members and their beneficiaries." (*Id*., at 4; Doc. 43-4, at 2.)

Defendant responds that the fiduciary exception does not apply in this situation because Plaintiff is not the "real client" of the attorneys relating to the documents at issue. (Doc. 45, at 7.) In support of this argument, Defendant cites the District of Kansas case of ***Hermann v. Rain Link, Inc.***, *supra*, which states

> when there is no mutuality of interest between the fiduciary and beneficiary, the reasons for applying the fiduciary exception fade. For example, a number of courts have noted the fiduciary exception does not apply when fiduciaries seek legal advice for their own protection against beneficiaries or when fiduciaries seek legal advice about non-fiduciary matters. When fiduciaries seek legal advice in this capacity, their interests are not aligned with the beneficiaries' interests; so, it would make little sense to consider the beneficiaries the true clients of the attorney and therefore entitled to disclosure. Likewise, fiduciaries do not have a duty to

7

> keep beneficiaries informed of all matters.  It naturally
> follows that the fiduciary exception applies only to
> communications involving fiduciary matters.

No. 11-1123-RDR-KGS, 2012 WL 1207232, at *7 (D. Kan. April 11, 2012).[2]

Applying the ***Hermann*** holding to the present matter, Defendant argues that there is "no rationale or legal basis exists to apply a 'fiduciary exception' to the privileged documents listed in defendant's privilege log."  (Doc. 45, at 9.) Defendant continues that "[t]here is no mutuality of interest between the plaintiff (a potential beneficiary) and defendant Board."  (*Id*.)  Further, while Defendant has a fiduciary duty to Plaintiff "to decide his claim fairly based on the relevant criteria, [Defendant] has an equal fiduciary duty to the other potential beneficiaries not to pay out benefits to an applicant who is not entitled to such benefits."  (*Id*.)

Defendant also contends that Plaintiff's reliance on the ***Lewis v. UNUM*** case, *supra*, is misplaced because it is an ERISA case and it predates the cases cited by Defendant by a decade.  (Doc. 45, at 10.)  Plaintiff, on the other hand, argues that ***Hermann*** is inapplicable because it relates to fiduciary duties owed to a minority shareholder in the defendant corporation in the context of an Americans

---

[2] Defendant also cites the United States Supreme Court decision in ***U.S. v. Jicarilla Apache Nation***, 131 S.Ct. 2313, 2320-2322 (2011), which discusses the fiduciary exception in the context of a breach-of-trust action brought in the Court of Federal Claims (CFC), seeking monetary damages for the federal government's alleged mismanagement of the tribe's trust funds.

with Disabilities Act claim.  (Doc. 46, at 2.)  Plaintiff also distinguishes *Jicarilla* as

irrelevant because that "holding is based upon the 'distinctive' relationship

between the United States and the Indian tribes . . . ."  (*Id*.)

The Court finds that Plaintiff has failed to meet his burden to establish the

applicability of the fiduciary exception to documents otherwise protected by the

attorney-client privilege or work-product doctrine in this case.  *Hermann*, 2012

WL 1207232, at *9.    Plaintiff has not established that a "mutuality of interest"

existed between Plaintiff and Defendant in the context of the legal advice at issue.

As stated by Defendant, it "has an equal fiduciary duty to the other potential

beneficiaries not to pay out benefits to an applicant who is not entitled to such

benefits."  (Doc. 45, at 9.)  The lack of mutuality of interest between Plaintiff and

the Board is further evidenced by the fact that Plaintiff was provided what the

District Court described as a "quasi-judicial" hearing process, during which he had

the right to be represented by counsel of his own.  (*See* Doc. 28, at 11-12.)  The

District Court also acknowledged that "the Board's action in denying a disability

claim is likely to result in a damages lawsuit by the disappointed party."  (*Id*., at

12.)  Clearly there is no mutuality of interest – and the fiduciary exception does not

apply – when the fiduciaries have sought legal advice for their own protection

against beneficiaries.  Plaintiff's motion is devoid of factual support to show

9

otherwise.  Plaintiff's motion is, therefore, **DENIED**.


IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 42) is

**DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of July, 2017.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge