# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY L. LUPER,

   *Plaintiff,*

vs.                Case No. 15-1399-EFM-KGG

BOARD OF TRUSTEES OF THE POLICE
& FIRE RETIREMENT SYSTEM OF
WICHITA KANSAS,

   *Defendants.*

## MEMORANDUM AND ORDER

  The matter before the Court is Plaintiff Jeffrey Luper's Motion for Review (Doc. 51). He seeks review and reversal of Magistrate Judge Gale's Order denying his Motion to Compel. He argues that Judge Gale erred in finding that the fiduciary exception to attorney-client privileged work was inapplicable in this case. As will be explained below, the Court denies Plaintiff's motion and affirms Judge Gale's decision.

### I.  Factual and Procedural Background

  Plaintiff Jeffrey Luper brings suit against Defendant Board of Trustees of the Police and Fire Retirement System of Wichita ("the Board") under 42 U.S.C. § 1983. He claims that Defendant violated his right to due process by failing to timely determine whether he is eligible for disability retirement benefits. Plaintiff first applied for disability benefits in August 2011. The

Board denied his claim in November 2011.  Plaintiff then sought judicial review of this decision. Over the next two years, the case was before the Kansas courts.  On May 24, 2013, the Kansas Court of Appeals found that the Board acted arbitrarily and capriciously in rejecting a physician's opinion and remanded the case to the district court to remand Plaintiff's application to the Board.

The Board sought additional medical records and evaluations.  Plaintiff provided the Board with the additional medical records and participated in an exam in August 2014.  On December 23, 2015,  Plaintiff filed his lawsuit in this Court alleging that his due process rights under § 1983 were violated because the Board had engaged in unreasonable delay and had not yet rendered a decision on his application.[1]

During discovery, Plaintiff sought "all written communications between any attorney and the Board that address [Plaintiff's] claim for service-connected disability benefits, as well as any documents that reflect such communications," as well as the dates of, senders, recipients, and individuals who received those communications.  In addition, Plaintiff asked Defendant to "identify all minutes, notes, and recording of every executive or nonpublic session of the Board in which [Plaintiff's] claim for service-connected disability benefits was addressed with an attorney." In response, Defendant identified some documents but withheld some documents on the basis of attorney-client privilege or work-product.[2]

Plaintiff filed a Motion to Compel arguing that although Defendant's documents were protected by attorney-client privilege, the fiduciary exception to the attorney-client privilege

---

[1] Defendant Board issued a decision approximately six months after Plaintiff filed his lawsuit in this Court (and approximately three years after the case was remanded to the Board from the Kansas Court of Appeals).

[2] Plaintiff contends that Defendant "held back hundreds of emails and documents generated during the Board's consideration of [Plaintiff's] claim for service-connected disability benefits."

doctrine prevented Defendant from asserting it on pre-decisional legal advice and related documents from beneficiaries. Defendant objected and stated that the fiduciary duty exception was inapplicable to the facts of this case.[3] Judge Gale determined that Plaintiff failed to meet his burden in establishing the applicability of the fiduciary exception. Thus, he did not compel Defendant to produce the documents Plaintiff sought. Plaintiff now seeks review of Judge Gale's decision.

## II.    Legal Standard

When reviewing a magistrate judge's order relating to non-dispositive matters, the district court does not conduct a *de novo* review but instead applies a more deferential standard.[4] Only if the district court finds that the magistrate judge's decision is "clearly erroneous or is contrary to law" will the district court set it aside.[5] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[6] And a finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[7]

---

[3] Plaintiff only seeks review of the application of the fiduciary exception to attorney-client privilege.

[4] *Gilmore v. L.D. Drilling, Inc.*, 2017 WL 5904034, at *1 (D. Kan. 2017).

[5] Fed. R. Civ. P. 72(a).

[6] *Boone v. TFI Family Servs., Inc.*, 2015 WL 5568348, at *2 (D. Kan. 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7] *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, 2011 WL 2790203, at *2 (D. Kan. 2011) (citation omitted).

### III.     Analysis

"[A]ttorney-client communications may not be privileged if the communications involve legal advice rendered to fiduciaries in the execution of their fiduciary duties."[8]  The fiduciary exception is well recognized, but "neither the Tenth Circuit nor Kansas Supreme Court has addressed the fiduciary exception and the manner in which courts should apply it."[9]  In addition, "courts have generally found the fiduciary exception inapplicable to communications made during a time when the parties' interests were not aligned or when the subject of the communications did not involve matters that a fiduciary would owe a duty to disclose to a beneficiary."[10]

Plaintiff complains that Judge Gale's finding that the fiduciary exception to the attorney-client privilege doctrine fails when the fiduciary owes duties to any beneficiary other than the claimant is erroneous and arbitrarily limits the exception.  Plaintiff also asserts that Judge Gale failed to cite to any law to support this proposition.  Yet, Judge Gale cited to a District of Kansas case, *Herrmann v. Rain Link, Inc.*,[11] in which the Court discussed how the parties' mutuality of interest (or lack thereof) would impact the fiduciary exception.  Specifically, Judge Gale noted language from *Herrmann* that stated:

> [W]hen there is no mutuality of interest between the fiduciary and beneficiary, the reasons for applying the fiduciary exception fade.  For example, a number of courts have noted the fiduciary exception does not apply when fiduciaries seek legal advice for their own protection against beneficiaries or when fiduciaries seek legal advice about non-fiduciary matters.  When fiduciaries seek legal advice in this capacity, their interests are not aligned with the beneficiaries' interest; so, it would make little sense to consider the beneficiaries the true clients of the attorney and

---

[8] *Herrmann v. Rain Link, Inc.*, 2012 WL 1207232, at * (D. Kan. 2012) (citing *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970)).

[9] *Id.*

[10] *Id.*

[11] *Id.*

  therefore entitled to disclosure. Likewise, fiduciaries do not have a duty to keep beneficiaries informed of *all* matters. It naturally follows that the fiduciary exception applies only to communications involving fiduciary matters.[12]

Judge Gale then found that Plaintiff did not establish a "mutuality of interest" between himself and Defendant. He found that the lack of mutuality of interest was evidenced (1) by Defendant's duty to other potential beneficiaries to not pay out benefits to an applicant who was not entitled to benefits, and (2) by the "quasi-judicial" hearing process that Plaintiff was provided on his claim in which Plaintiff could be represented by counsel. Because there was no mutuality of interest, Judge Gale determined that the fiduciary exception was inapplicable. Thus, he denied Plaintiff's motion to compel attorney-client privileged documents.

  In this case, Judge Gale discussed case law applicable to the fiduciary exception. In making a determination that the fiduciary exception was inapplicable because there was no mutuality of interest between the parties, he relied on facts present in this case.[13] Plaintiff does not identify any basis that Judge Gale's decision was clearly erroneous or contrary to law. Indeed, it appears as though Plaintiff just disagrees with the ruling. Accordingly, the Court denies Plaintiff's motion.

  **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review (Doc. 51) is **DENIED**.

  **IT IS SO ORDERED**.

  Dated this 19th day of April, 2018.

             ERIC F. MELGREN
             UNITED STATES DISTRICT JUDGE

---

[12] *Id.* at *7 (citations omitted).

[13] Those facts are noted above.